IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DANNY E. WEBB CONSTRUCTION, INC.,

     *Plaintiff,*

v.                                       CIVIL ACTION NO. 2:16-cv-00396

THE COUNTY COMMISSION OF FAYETTE
COUNTY, WEST VIRGINIA,

MATTHEW D. WENDER,
President of the County Commission
of Fayette County, West Virginia

DENISE A. SCALPH,
Commissioner of the County Commission
of Fayette County, West Virginia

JOHN H. LOPEZ,
Commissioner of the County Commission
of Fayette County, West Virginia.

     *Defendants.*

## VERIFIED COMPLAINT

COMES NOW Danny E. Webb Construction, Inc. ("Danny Webb Construction" or "Plaintiff"), by counsel George A. Patterson, III, Roger G. Hanshaw, S. Andrew Stonestreet, Andrew C. Robey, and the law firm of Bowles Rice LLP, and for its Complaint against the County Commission of Fayette County, West Virginia, Matthew D. Wender, President of the County Commission of Fayette County, West Virginia, Denise A. Scalph, Commissioner of the County Commission of Fayette County West Virginia, and John H. Lopez, Commissioner of the

County Commission of Fayette County, West Virginia (collectively the "Commission"), states as follows:

## Summary of Action

1.      This lawsuit arises from the Commission's unlawful attempt to prohibit the storage, disposal or use of oil and natural gas waste, waste water or any derivative thereof, within Fayette County, West Virginia, by passing Ordinance 2015-001 entitled "Ordinance Banning the Storage, Disposal, or Use of Oil and Natural Gas Waste in Fayette County, West Virginia" ("Ordinance").  Simply put, the Commission is impermissibly attempting to ban oil and gas activities that are exclusively regulated by the State, and in so doing, it is unlawfully taking Danny Webb Construction's private property rights and interfering with the comprehensive state regulation of the storage, disposal, and use of oil and gas waste in West Virginia.  Moreover, the Commission's Ordinance blatantly contradicts West Virginia and Federal law, and as such, it is preempted on both grounds.  The Ordinance has wholly deprived Danny Webb Construction of its private property rights without just compensation, and proximately caused Plaintiff damages, in violation of West Virginia statutory and case law, Article 3, Section 9 of the West Virginia Constitution, the Fifth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983.  Herein, Plaintiff seeks injunctive and declaratory relief, along with damages as set forth in more detail below.

## Parties

2.      Danny Webb Construction is a duly formed and validly existing corporation engaged in natural gas drilling and exploration and the operation of disposal injection wells to serve the oil and natural gas industries. Danny Webb Construction's principal place of business

2

is in Lochgelly, Fayette County, West Virginia. It owns land and mineral interests in Fayette County, West Virginia, all of which are directly affected by the Ordinance.

3.      The Commission is a county commission formed under the laws of West Virginia. See W. Va. Code § 7-1-1 et seq. Under West Virginia law, the county commission has no inherent powers. *See* W. Va. Code § 7-1-3. County commissions are creatures of state statute and have only those powers that have been conferred upon them by the Constitution of West Virginia or delegated to them by the Legislature. *See id.*

## Jurisdiction

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and, as to the state law claims, pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5.      Plaintiff also seeks equitable relief and declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      Venue is proper in this Court because the acts and events giving rise to Plaintiff's claims occurred and are occurring in Fayette County, West Virginia.

7.      Venue is also proper in this Court because Fayette County is located within the Southern District of West Virginia.

## Factual Background

8.      On January 12, 2016, the Commission adopted and entered Ordinance No. 2015-001, for the stated purpose of "banning the storage, disposal or use of oil and natural gas waste, waste water or any derivative thereof within Fayette County, West Virginia" (the "Ordinance"). A true and accurate copy of the Ordinance is attached hereto as Exhibit 1.

9.      The Ordinance defines "corporations" to include "any corporation . . . organized under the laws of any state of the United States or under the laws of any country, and any other business that possesses state conferred limited liability . . . ." *See* Exhibit 1 at "Definitions."

10.     Danny Webb Construction is a "corporation" as that term is defined in the Ordinance.

11.     Section 1, ¶1 of the Ordinance provides:

> "It shall be unlawful for any individual or corporation, or any director, officer, owner, or manager of a corporation to use a corporation, to deposit, store, treat, inject or process waste water, produced water, frack water, brine or other materials, chemicals or by-products that have been used in the extraction of gas, onto or into the land, air or waters within Fayette County. This prohibition shall specifically apply to disposal injection wells."

12.     Among other definitions, the Ordinance defines "natural gas waste" to include "any liquid or solid waste or its constituents that is generated as a result of natural gas extraction activities . . ." and "oil waste" as "any liquid or solid waste or its constituents that is generated as a result of oil extraction activities . . . ." Exhibit 1 at "Definitions."

13.     The routine operation of oil and gas wells involves the processing and storing of "natural gas waste" and "oil waste" as defined in the Ordinance.

14.     The Ordinance  prohibits "[t]he application of natural gas or oil waste . . .  on any road or real property located within Fayette County" regardless of "whether or not such waste has received approval for use by the Department of Environmental Protection (DEP) or any other regulatory body . . . ."  Exhibit 1 at §1, ¶ 2.

15.     The Ordinance purportedly invalidates any "permit, license, privilege or charter issued by any State or federal agency, Commission or Board to any person or any corporation . . . which would violate the prohibitions of this Ordinance . . . ."  Exhibit 1 at §1, ¶ 2.

16.     The West Virginia Department of Environmental Protection ("DEP") is vested with the singular and exclusive authority to enforce the environmental laws of the State of West Virginia.  W.Va. Code § 22-1-1 et seq.; *see also Solid Waste Services of West Virginia v. Public Service Commission*, 422 S.E.2d 839, 844 (W. Va. 1992).   County commissions are not authorized to administer a permitting process for the oil and natural gas industries in West Virginia.

17.     The DEP Office of Oil and Gas is the exclusive regulatory authority for oil and natural gas-related activities in the State of West Virginia.  The Office of Oil and Gas is exclusively responsible for administering the permitting process for oil and natural gas-related activities in West Virginia.

18.     On or about August 26, 2015, the DEP Office of Oil and Gas issued Danny Webb Construction two valid Underground Injection Control ("UIC") Permits bearing permit numbers UIC2D0190460 and UIC2D0190508.  *See* Exhibit 2.   These permits authorize Danny Webb

Construction to operate underground injection disposal wells on its property in Fayette County for a period of five (5) years.

19.     Danny Webb Construction operates two underground injection disposal wells in Fayette County, West Virginia, one on each of two adjacent parcels.  Danny Webb Construction owns one parcel and has an existing long-term lease on the second parcel.

20.     By enacting the Ordinance, the   Commission has deprived Danny Webb Construction of all economic benefit that can be derived from his property.

21.     Danny Webb Construction provides disposal services to a range of existing customers. By enacting the Ordinance, the Commission has interfered with existing contractual relationships between Danny Webb Construction and its customers.

22.     The Ordinance provides that violation of its terms constitute a crime in the form of a misdemeanor, and each day that a violation occurs shall be considered a separate offense. Ordinance § 3, ¶1.  Moreover, each section of the Ordinance deemed violated shall be considered a separate offense, so actions in violation of more than one provision will be treated as separate offenses. *Id.*

23.     The Ordinance states that a Commissioner may recover all costs of litigation associated with seeking to enforce the Ordinance regardless of whether the Commission prevails in such an enforcement action.

24.     The Ordinance purports to create a private right of action (i.e. a "citizen suit") that allows any resident of Fayette County to commence a civil action in circuit court to enforce the Ordinance and recover all costs of litigation.

25.     Read literally, Danny Webb Construction is purportedly subject to criminal prosecution under the Ordinance for each day it continues to operate each of its UIC wells in Fayette County.

26.     Danny Webb Construction would be subject to civil enforcement action by either the Commission or a resident of Fayette County for each day it continues to operate each of its UIC wells in Fayette County, including the assessment of the litigation costs associated with the enforcement action, regardless of who prevails in such an enforcement action.

27.     Under the plain language of the Ordinance, if convicted of violating the Ordinance, Danny Webb Construction and any "director, officer, owner, or manager" of Danny Webb Construction would be subject to a minimum of 90 days, and up to one year, of incarceration plus a fine of up to five million dollars ($5,000,000).  Ordinance § 1, ¶ 1, § 4, ¶ 1.

## COUNT I
### (Injunctive Relief)

28.     The allegations in Paragraphs 1 through 27 are hereby incorporated by reference.

29.     Danny Webb Construction is likely to prevail on the merits because the Ordinance is preempted by State and Federal law, it violates Danny Webb Construction's constitutional rights, and it is otherwise invalid due to procedural defects.

30.     If the Commission is not enjoined from enforcing the ordinance, countless people with interest involving the storage, disposal, or use of oil and gas waste within Fayette County, including Danny Webb Construction, will be unconstitutionally and illegally deprived of their property rights without just compensation.

31.     By contrast, because the Ordinance attempts to regulate natural gas drilling and extraction activities, including the storage, disposal, or use of oil and gas waste, which are exclusively regulated by the State, the Commission will suffer no irreparable harm if it is enjoined from enforcing the ordinance.

32.     In fact, greater injury will be done to the public interest if Danny Webb Construction's request for injunctive relief is denied. Not only will Danny Webb Construction be prevented from exercising its property rights, but other surface and mineral owners subject to the Ordinance will also be prevented from exercising their property rights.

33.     In addition, Danny Webb Construction has no adequate remedy at law.

### COUNT II
### (Preemption by the West Virginia Oil and Gas Act)

34.     The allegations in Paragraphs 1 through 33 are hereby incorporated by reference.

35.     In West Virginia, county commissions are creations of the State, and thus derive all of their powers, both explicit and inherent, from the State.

36.     When a conflict arises between a local ordinance and a state statute, the state statute will always prevail. "[O]rdinances are inferior to in status and subordinate to legislative

acts is a principle so fundamental that citation of authorities is unnecessary. Equally fundamental is the legal principle that where an ordinance is in conflict with a state law the former is invalid." *American Tower Corp. v. Common Council of the City of Beckley*, 557 S.E.2d 752, 756 (W. Va. 2001) (citing *Vector Co. v. Board of Zoning Appeals*, 184 S.E.2d 301, 304 (W. Va. 1971)); *see also* W. Va. Const. Art. 6, Sect. 39a ("Provided, that any such charter or amendment thereto, and any such law or ordinance so adopted, shall be invalid and void if inconsistent or in conflict with this constitution or the general laws of the state then in effect, or thereafter from time to time enacted.").

37.     An ordinance conflicts with a state statute if it espouses a view that is irreconcilable with that contained in a state statute. *See The Vector Co. v. Bd. of Zoning Appeals of the City of Martinsburg*, 184 S.E.2d 301, 304 (W. Va. 1971) ("While it has been held that a municipal ordinance may exact requirements in addition to those in a statute it may not do so if an irreconcilable view that the legislature intended to permit a board of zoning appeals in a municipality to act when a majority thereof indicated a desire to do so.").

38.     The Ordinance, which prohibits the storage, disposal, or use of oil and natural gas waste, waste water, or any derivative thereof within Fayette County, West Virginia, is in conflict with the West Virginia Oil and Gas Act, codified at W.Va. Code §§ 22-6-1 et seq.

39.     The preamble to the entirety of the West Virginia Oil and Gas Act states that "[e]fficiency in the wise use, enhancement, preservation, protection and conservation of the environment can best be accomplished by an integrated and interdisciplinary approach in decision making and would benefit from the coordination, consolidation and integration of state

programs and agencies which are significantly concerned with the use, enhancement, preservation, protection and conservation of the environment." W.Va. Code § 22-1-1(a)(4). In other words, the West Virginia Oil and Gas Act was enacted specifically to prevent the type of piecemeal regulation and management of which the Ordinance is indicative.

40.     Supervision and regulation of oil and gas-related activities in West Virginia is the responsibility of the Office of Oil and Gas within the Department of Environmental Protection. The Director of the Office of Oil and Gas is charged with administering and enforcing West Virginia Code §§ 22-6 through 22-10, which govern oil and natural gas production in our state. This comprehensive regulatory scheme also provides that it is within the sole discretion of the Department of Environmental Protection ("DEP") to perform all duties related to the regulation of the exploration, development, production, storage and recovery of oil and gas in West Virginia.  *See* W. Va. Code § 22-6-2(c)(12) (1994).  Through its legislative acts, the State has placed the exclusive regulatory authority for oil and gas in the State of West Virginia in the Department of Environmental Protection.  Further, The West Virginia Supreme Court of Appeals has affirmed that the State intended to wholly occupy the realm of environmental regulation in West Virginia: "However, the Legislature has made clear in passing W.Va. Code § 22-1-1 et seq. (1991) that all environmental programs in West Virginia are to be regulated by the Division of Environmental Protection." *Solid Waste Services of West Virginia v. Public Service Commission*, 422 S.E.2d 839, 844 (W. Va. 1992).

41.     The Oil and Gas Act grants DEP the authority to issue permits to regulate the discharge of pollutants into waters of the State to ensure compliance with water quality standards and other environmental requirements.  W. Va. Code § 22-6-7.

42.     DEP has promulgated comprehensive regulations governing all aspects of the exploration, development, production, storage, and recovery of oil and gas.  *See* C.S.R. Series 1 through 8.

43.     The Oil and Gas Act and associated regulations fully occupy the field of regulating production of oil and gas in West Virginia.

44.     The Oil and Gas Act does not contain a "savings" provision that preserves the ability of local governments to regulate the exploration, development, production, storage and recovery of oil and gas.

45.     By purporting to ban oil and gas production activities in Fayette County, including the storage, disposal, or use of oil and gas waste, the Ordinance expressly contravenes the provision of the Oil and Gas Act that allow oil and gas to be produced from mineral resources in the State.

46.     The Ordinance is preempted by the Oil and Gas Act and associated regulations.


## COUNT IV
### (Impermissible Exercise of Police Power & Ultra Vires Exercise of Ordinance Authority)

47.     The allegations in Paragraphs 1 through 46 are hereby incorporated by reference.

48.     County commissions do not possess broad police powers.  Rather, they possess only such powers that have been granted to them by the West Virginia Code.

11

49.     The powers given to county commissions by the State are codified generally in W.Va. Code § 7-1-3.  Section 3kk vests county commissions with authority to enact ordinances to eliminate hazards to the public health and to abate nuisances.  W. Va. Code  § 7-1-3kk.

50.     County commissions do not have power to make a blanket declaration through an ordinance that certain lawful activities, not considered a nuisance at common law, constitute a per se nuisance anywhere in a county.  *See Sharon Steele Corporations v. City of Fairmont*, 175 W. Va. 479, 334 S.E.2d 616 (1985); *Parker v. Fairmont*, 72 W. Va. 688, 690-91, 79 S.E. 660, 661-61 (1913) ("Clearly the power granted is to abate what the law holds to be a nuisance, not to enact that any particular thing is a nuisance.")

51.     The Commission has no rational basis to conclude that Danny Webb Construction's operation of its UIC wells within the borders of Fayette County presents a hazard to public health and safety.

52.     The Commission has no rational basis to conclude that Danny Webb Construction's operation of its UIC wells within the borders of Fayette County constitute a public nuisance.

53.     The Commission lacks the statutory authority to ban otherwise lawful activity from any location within Fayette County.

54.     The Commission lacks the statutory authority to create a private right of action in favor of residents of Fayette or to grant those residents the right to recover all costs of litigation associated with pursuing such right of action.

12

55.     The Commission lacks the statutory authority to nullify permits, licenses, or other authorizations issued by the federal or State government allowing Danny Webb construction to engage in oil and gas production activities and operation of UIC wells.

56.     Moreover, any authority to regulate the storage, disposal, or use of oil and natural gas waste, waste water, or any derivative thereof within Fayette County must originate from West Virginia Oil and Gas Act, codified at W.Va. Code §§ 22-6-1 et seq. or otherwise within the West Virginia Code.

57.     The West Virginia Code does not authorize the Commission to regulate the storage, disposal, or use of oil and natural gas waste, waste water, or any derivative thereof within Fayette County, and therefore, the Ordinance is not within the scope of the powers granted to the Commission by the West Virginia Code.

58.     The Commission exceeded its authority by passing the Ordinance.  Defendants Matthew D. Wender, Denise A. Scalph, and John Lopez exceeded their authority as officers and/or commissioners in passing the unlawful, unconstitutional Ordinance.

### COUNT V
### (Deprivation of Property Rights)

59.     The allegations in Paragraphs 1 through 58 are hereby incorporated by reference.

60.     The Ordinance unreasonably restricts Danny Webb Construction's property rights.

61.     Danny Webb Construction, along with the owners of the surface and minerals in Fayette County, have constitutional property rights to develop the natural gas in Fayette County, along with the right to store, dispose, or use oil and natural gas waste, waste water, or any derivative thereof.

62.     As the Commission is aware, oil and natural gas cannot be extracted without producing some amount of "oil and natural gas waste" as defined in the Ordinance that has to be processed and stored as a routine aspect of operating such wells.  The Ordinance also prohibits the "sale, acquisition, storage, handling, treatment and/or processing of natural gas waste or oil waste within Fayette County."  These prohibitions make it unlawful to operate oil and gas wells in Fayette County, which constitutes an attempted regulation falling directly under the purview of the DEP.

63.     The Ordinance effectively prohibits all development of the oil and gas in Fayette County.  The Ordinance further prohibits all rights to store, dispose, or use oil and natural gas waste, waste water, or any derivative thereof.  Consequently, the Ordinance destroys the property rights of Danny Webb Construction and countless other owners of surface and mineral rights in Fayette County.

64.     The Ordinance effectively eliminates any opportunity for surface and mineral owners in and around Fayette County to benefit, economically and otherwise, from oil and gas production, directly causing lost profits and a significant reduction in property values, despite Danny Webb Construction's reasonable investment-backed expectations.

14

65.     The Ordinance does not advance any legitimate state interest, and in fact, it directly contravenes the state interests set forth by the West Virginia Code.

66.     The Ordinance denies all or part of the economically beneficial or productive use of land belonging to Danny Webb Construction and other surface and mineral owners in and around Fayette County.

67.     Despite this unauthorized taking, the Commission has not provided just compensation to Danny Webb Construction.

68.     The Ordinance has wholly deprived these property rights without just compensation, in violation of Article 3, Section 9 of the West Virginia Constitution, and the Fifth and Fourteenth Amendments of the United States Constitution.

69.     As a result, Danny Webb Construction is entitled to just compensation from the Fayette County Commission.

## COUNT VI
(**Supremacy Clause Violation**)

70.     The allegations in Paragraphs 1 through 69 are hereby incorporated by reference.

71.     The Ordinance purports to invalidate all "permit[s], license[s], privilege[s], or charter[s] issued by any State or federal agency, Commission or Board . . . which would violate the prohibitions of [the] Ordinance . . . ." *Ex. 1*, at Section 1, ¶6.

72.     The Supremacy Clause of the Sixth Amendment of the United States Constitution establishes that the United States Constitution and federal law generally is "the supreme Law of the Land", taking precedence over state laws – and thus, ordinances like the Ordinance at issue in this case – and even state constitutions.  U.S. Const. Art. VI, Cl. 2.

73.     The Ordinance is unconstitutional on its face, as it expressly attempts to invalidate lawfully obtained federal permits, which are solely governed by federal law.  In doing so, the Ordinance directly conflicts with United States federal statutes.

<u>COUNT VII</u>
(**Substantive Due Process Violation**)

74.     The allegations in Paragraphs 1 through 73 are hereby incorporated by reference.

75.     The doctrine of Substantive Due Process under the Fifth and Fourteenth Amendment of the United States Constitution prohibits, among other things, the government from abrogating a person's constitutional rights.  U.S. Const. Amend. 5 and Amend. 14, § 1.

76.     In enacting the Ordinance, the Commission intended to deny land and mineral owners, such as Danny Webb Construction, their legal and long-standing Constitutional rights, including but not limited to, their rights under the Fifth and Fourteenth Amendments and the Contract Clause of the United States Constitution.

77.     The Commission's conduct in abrogating Danny Webb Construction's interest in permits and surface and mineral rights is deliberate, arbitrary, irrational, exceeds the limit of governmental authority, amounts to an abuse of official power, and shocks the conscience.

16

## COUNT VIII
### (Procedural Due Process Violation)

78.     The allegations in Paragraphs 1 through 77 are hereby incorporated by reference.

79.     The Due Process Clause of the United States Constitution provides that no person shall be "deprived of life, liberty, property, without due process of law."  U.S. Const. Amend. 5 and Amend. 14, § 1.

80.     The prohibition of storage, disposal, or use of oil and natural gas waste, waste water, or any derivative thereof within Fayette County as a direct result of the enactment of the Ordinance significantly and materially devalues Danny Webb Construction's property, legal rights, and interests related to and/or held within Fayette County, including its permits and surface and mineral rights.

81.     The Ordinances provides no process or procedure by which Danny Webb Construction could challenge the provisions of the Ordinance which purports to rendering invalid federal or state permits relating to the storage or disposal of such waste.

82.     The Ordinance provides no process or procedure to which Danny Webb Construction could avail itself to address the deprivation of its legal rights and interests caused by the Ordinance.

## COUNT IX
### (Equal Protection Clause Violation)

83.     The allegations in Paragraphs 1 through 82 are hereby incorporated by reference.

17

84.     The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend. 14, § 1.

85.     The purpose of the equal protection clause is to protect every person within a state's jurisdiction against arbitrary discrimination occasioned by the express terms of a statute or by its improper execution through duly constituted agents.

86.     The equal protection clause requires that laws of the state treat persons in the same manner as other similarly situated.

87.     Under the United States Constitution, corporations are considered persons for purposes of, among other things, the First and Fourteenth Amendments and the Contracts Clause.

88.     The Commission is required to act in conformance with the Fourteenth Amendment to the United States Constitution.

89.     The Ordinance, without any rational basis, treats corporations seeking to deposit, store, treat, inject, or process waste water, produced water, frack water, brine or other materials, chemicals or by-products that have been used in the extraction of shale gas onto or into the land, air or waters within Fayette County differently than similarly situated natural persons, making it "unlawful for any individual or corporation, or any director, officer, owner, or manager of a corporation to use a corporation to deposit, store, treat, inject, or process waste water, produced water, frack water, brine or other materials, chemicals or by-products that have been used in the extraction of shale gas onto or into the land, air or waters within Fayette County." Ordinance § 1,

¶ 6 (emphasis added).  As written, the prohibition emphasized in this paragraph, only applies to corporations, and not natural persons.

90.     Consequently, the Ordinance violates the Equal Protection Clause of the United States Constitution both on its face and as applied to Danny Webb Construction, by treating corporations differently than similarly situated natural persons.

91.     The Supreme Court has found that an equal protection claim can be successfully brought by a "class of one" where the claimant asserts being singled out for disparate treatment by a municipality.

## COUNT X
### (Contract Clause Violation)

92.     The allegations in Paragraphs 1 through 91 are hereby incorporated by reference.

93.     The Contract Clause of the United States Constitution provides that no state shall "pass any . . . Law impairing the Obligation of Contract . . ."  U.S. Const. Art. I, § 10, Cl. 1.

94.     The "Contracts Clause" of the West Virginia Constitution, Article 3, § 4, states in pertinent part that "no . . . law impairing the obligation of a contract[] shall be passed."

95.     The Ordinance bans Danny Webb Construction from engaging in the injection and storage of oil and gas materials within Fayette County.  See *Ex. 1*, at Section 1, ¶1.

96.     If Danny Webb Construction is not permitted to engage in said injection and storage activities within Fayette County, it will be unable to realize benefits of contracts it has with the owners of subsurface estates at great cost to Danny Webb Construction.

## COUNT XI
### (Illegal Zoning Ordinances in Violation of West Virginia Code § 8A-7-1, et seq.)

97.     The allegations in Paragraphs 1 through 96 are hereby incorporated by reference.

98.     W. Va. Code § 8A-1-1 et seq. governs zoning ordinances promulgated by counties and municipalities.

99.     "Zoning" is defined as "the division of a municipality or county into districts or zones which specify permitted and conditional uses and development standards for real property within districts or zones."  W. Va. Code § 8A-1-2(gg).

100.    The Ordinance amounts to an attempt to specify uses of land that will not be permitted in Fayette County.

101.    A county ordinance governing land use must be adopted pursuant to the procedures set forth in W. Va. Code § 8A-7-1, et seq.

102.    Before enacting a zoning ordinance, the proposed ordinance must be publicly advertised and the governing body must hold at least two public hearings, one during the day and one during the evening, to discuss the ordinance and give public notice of the ordinance and the public hearings as required by W. Va. Code § 8A-7-5.

20

103.     The Commission did not provide public notice of the Ordinance and public hearings in the manner required by law and did not hold the two required public hearings in the manner required by law before adopting the ordinance.

104.     A county zoning ordinance must allow legitimate land use somewhere in the county.  A county zoning ordinance cannot prohibit legitimate land use anywhere in the county.

105.     Operating duly permitted UIC wells are legitimate land uses that the Ordinance prohibits anywhere in Fayette County.

106.     W. Va. Code § 8A-7-10(e) states that "[n]othing in this Chapter authorizes an ordinance, rule or regulation preventing, outside of urban areas, the complete use of natural resources by the owner."

107.     Only geographic areas of Fayette County within the limits of a municipality are "urban areas" within the meaning of W. Va. Code § 8A-7-10(e).

108.     The Ordinance prevents the complete use of natural resources owned by Danny Webb  Construction in Fayette County outside of urban  areas.

**COUNT XII**
**(Monell §1983 claim)**

109.     The allegations in Paragraphs 1 through 108 are hereby incorporated by reference.

110.    The County Commission of Fayette County is a local governing body included among those persons to whom 42. U.S.C. § 1983 applies.  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

111.    Local governing bodies can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

112.    The Ordinance constitutes a policy statement, ordinance, regulation, or decision officially adopted by the by the Commission's officers.

113.    As set forth in this Verified Complaint and incorporated herein, the Ordinance violates the United States Constitution both on its face and as applied to this Plaintiff.

114.    The Commission directly caused the constitutional violations suffered by Plaintiff by adopting the Ordinance.

115.    The Commission is liable for damages pursuant to 42. U.S.C. § 1983 for its adoption of the Ordinance.

WHEREFORE, Plaintiff Danny Webb Construction, respectfully requests a judgment in its favor and against Defendants as follows:

22

(a) Declaring that the Ordinance is unconstitutional under the Supremacy Clause, the Fifth and Fourteenth Amendments, and the Contracts Clause of the United States Constitution and West Virginia Constitution;

(b) Declaring that the Ordinance constitutes a regulatory "taking" within the meaning of the Fifth Amendment of the United States Constitution and Article 3, § 9 of the West Virginia Constitution;

(c) Declaring that the Ordinance violates Danny Webb Construction's substantive and procedural due process rights;

(d) Declaring that the Ordinance exceeds the Commission's statutory authority;

(e) Declaring that the Ordinance is invalid and unenforceable;

(f) Declaring that the Ordinance is preempted by the West Virginia Oil and Gas Act and West Virginia Code §§ 22-6 through 22-10;

(g) Permanently enjoining and restraining the Commission from violation provisions of the West Virginia Oil and Gas Act and West Virginia Code §§ 22-6 through 22-10;

(h) Issuing an injunction prohibiting the Commission from enforcing any provision of the Ordinance;

(i) Awarding Danny Webb Construction compensatory and consequential damages pursuant to the causes of action stated herein and pursuant to 42 U.S.C. §1983, for lost revenue

and including damages for lost and infringement of its legal rights taken or unlawfully denied as a result of the Ordinance;

(j) Awarding Danny Webb Construction all fees and costs incurred in this action, including all reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and as otherwise allowable in law or equity; and

(k) Granting such other relief as this Court shall deem just and equitable.

DANNY WEBB CONSTRUCTION, INC.

By: Bowles Rice, LLP

/s/ Roger G. Hanshaw

George A. Patterson, III *(WV Bar No. 2831)*
Roger G. Hanshaw *(WV Bar No. 11968)*
S. Andrew Stonestreet *(WV Bar No. 11966)*
Andrew C. Robey *(WV Bar No. 12806)*
600 Quarrier Street
Charleston, WV  25301
304-347-2115

24

## VERIFICATION

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, to-wit:

 This day personally appeared before me, the undersigned authority, Danny Webb, who first being duly sworn by me, deposes and says that he is the duly elected President of Danny Webb Construction; that as such he is duly authorized to execute this Verification on its behalf; that he has read the foregoing Verified Complaint and knows the contents thereof; that the facts set forth therein are true, except as to such matters as are therein stated to be upon information and belief; and that insofar as matters are therein stated to be upon information and belief, he believes them to be true.

            _____
            [NAME]

 Taken, subscribed and sworn to before the undersigned Notary Public on this 15th day of January, 2016.

My commission expires: July 3, 2016.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
TERESA L. PERSINGER
Bowles Rice McDavid Graff & Love, LLP
600 Quarrier Street
Charleston, WV 26301
My Commission Expires July 3, 2016

            _____
            NOTARY PUBLIC

OFFICIAL SEAL

7819492.1