IN THE UNITED STATE DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DANNY E. WEBB CONSTRUCTION, INC.,

        *Plaintiff*,

v.                                    CIVIL ACTION NO. 2:16-00396

THE COUNTY COMMISSION OF FAYETTE
COUNTY, WEST VIRGINIA,

MATTHEW D. WENDER,
President of the County Commission
of Fayette County, West Virginia

DENISE A. SCALPH,
Commissioner of the County Commission
of Fayette County, West Virginia

JOHN H. LOPEZ,
Commissioner of the County Commission
of Fayette County, West Virginia.

        *Defendants*.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

        Plaintiff, Danny E. Webb Construction Company, Inc. ("Plaintiff" or "Danny

Webb Construction"), submits this memorandum of law in support of the Emergency Motion for

Temporary Restraining Order and Preliminary Injunction filed pursuant to Rule 65 of the Federal

Rules of Civil Procedure. Plaintiff seeks to enjoin the enforcement of the Fayette County

Commission's Ordinance No. 2015-001  (hereinafter "the Ordinance") until Plaintiff's claims are

decided on the merits. The Ordinance was passed by the County Commission of Fayette County,

West Virginia ("Defendant" or "Commission") on January 12, 2016 and was to take effect that

very same day. Plaintiff's Verified Complaint alleges that the Ordinance in question is on its face unconstitutional and is otherwise invalid and unenforceable as a matter of law.

## FACTUAL BACKGROUND

As more fully set forth in Plaintiff's Verified Complaint, Plaintiff owns and operates an underground injection control ("UIC") disposal well within the bounds of Fayette County, West Virginia. Plaintiff has been operating pursuant to injection permits for approximately 13 years. On or about August 26, 2015, the DEP Office of Oil and Gas issued Plaintiff two renewed Underground Injection Control Permits. These permits authorize Danny Webb Construction to operate underground injection disposal wells on its property in Fayette County for a period of five (5) years.

On January 12, 2015, the County Commission of Fayette County, West Virginia adopted Ordinance No. 2015-001, which purports to proscribe otherwise lawful operations associated with the production of oil and gas in Fayette County. The Ordinance purports to ban the storage, disposal or use of oil and natural gas waste, waste water or any derivative thereof within Fayette County. Moreover, the Ordinance seeks to invalidate any federal and state permits that grant such rights. Accordingly, operation of Plaintiff's UIC disposal well is prohibited under the Ordinance. The ordinance makes Plaintiff's use of its injection permits a crime.

## STANDARD FOR INJUNCTIVE RELIEF

Rule 65(b) of the Federal Rules of Civil Procedure authorizes this Court to issue a temporary restraining order when (1) facts set forth in a verified complaint "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts to give notice and why it should not be required."

When a case or controversy pending in federal court alleges that state or local statutes are unconstitutional, a district court may enter a preliminary injunction enjoining enforcement actions pending final a resolution. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991). The standard for a preliminary injunction is articulated in *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977). *Blackwelder* clarified that a "balance of hardships" test applies to determine whether a preliminary injunction should be granted or denied. *Id.* The Fourth Circuit set forth four factors to consider when a party is seeking preliminary injunctive relief: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted; (2) the likelihood of harm to the defendant if the preliminary injunction is granted; (3) the likelihood that plaintiff will succeed on the merits; and (4) the public interest. *Rum Creek*, 926 F.2d at 359; *Blackwelder*, 550 F.2d at 195-96. Elements one and two are collectively referred to as the "balancing of hardships" test. *Id.*

The irreparable harm to the plaintiff and the harm to the defendant are the two most important factors. *Id.* If, after balancing those two factors, the balance "tips decidedly" in favor of the plaintiff, a preliminary injunction will be granted assuming "the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." *Blackwelder*, 550 F.2d at 195; *see also Todd by Todd v. Sorrell*, 841 F.2d 87, 88 n. 2 (4th Cir. 1988).

## I.     The Balancing of Hardships Test Decidedly Favors Plaintiff

The "balancing of hardships" test encapsulates the first two elements articulated in *Rum Creek*. First, the district court must consider the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted. *Rum Creek*, 926 F.2d at 359. Second, the

district court must weigh such likelihood against the likelihood of harm to the defendant if the preliminary injunction is granted. *Id.*

A.      **Plaintiff is Likely to Suffer Irreparable Harm in the Absence of Injunctive Relief**

In order to satisfy the irreparable harm standard, Plaintiff need only show "that injury is certain, great, actual, and not theoretical." *Harper v. Blagg*, 2014 LEXIS 104042 (S.D. W.Va. May 21, 2014). Because the Ordinance makes it unlawful to operate a disposal injection well in Fayette County, Plaintiff will suffer immediate and irreparable harm if the Ordinance is enforced. The Ordinance, if enforced, will criminalize Plaintiffs primary line of business – operating a disposal injection well. As such, Plaintiff will be forced to shutter all operations during the pendency of this action, thereby, incurring great expense and loss of income. The Ordinance purports to grant the Commission authority to civilly and criminally prosecute those in violation of the Ordinance – and most notably, to seek imposition of a fine of up to $5,000,000. Moreover, the Ordinance provides a private right of action for citizens to enforce the provisions of the Ordinance. Plaintiff, thus, is subject to civil and criminal prosecution under the Ordinance for each day that it continues to operate its UIC wells in Fayette County.

B.      **The Commission Will Not be Prejudiced by Injunctive Relief**

The Commission will not be prejudiced by the temporary restraining order because matters concerning the storage, disposal, and use of oil and natural gas waste are exclusively regulated by the State. The status quo will be maintained until such time that this Court may rule on the constitutionality and validity of the Ordinance. In weighing the equities and respective injuries, the court should consider, among other things, the preservation of the status quo. *Sinclair Refining Co. v. Midland Oil Co.*, 55 F.2d 42, 45 (4th Cir. 1932). Plaintiff operates its well according to all applicable federal and state laws, and thus, does not pose any colorable

threat to the environment or public health. In applying the "balancing of hardships" test, the equities of the matter "tip decidedly" in favor of the Plaintiff, and therefore, a preliminary injunction enjoining the enforcement of the Ordinance is appropriate.

## II.      Plaintiff Has a Likelihood of Success on the Merits

Plaintiff is likely to succeed on the merits of this matter because the Ordinance is invalid and therefore unenforceable based on grounds set forth in the complaint and discussed below.

### A.      The Ordinance is Preempted by State Law

"That municipal ordinances are inferior to in status and subordinate to legislative acts is a principle so fundamental that citation of authorities is unnecessary. Equally fundamental is the legal principle that where an ordinance is in conflict with a state law the former is invalid." *American Tower Corp. v. Common Council of the City of Beckley*, 557 S.E.2d 752, 756 (W.Va. 2001) (citing *Vector Co. v. Board of Zoning Appeals*, 184 S.E.2d 301, 304 (W.Va. 1971) Moreover, the West Virginia Constitution provides that, "any such charter or amendment thereto, and any such law or ordinance so adopted, shall be invalid and void if inconsistent or in conflict with this constitution or the general laws of the state then in effect, or thereafter from time to time enacted." W.Va. Const. Art. 6, Sect. 39a.

The West Virginia Oil and Gas Act, W.Va. Code §§ 22-6 through 22-10, *et seq*. ("Oil and Gas Act") establishes a comprehensive program for permitting and regulating the production of oil and gas within the State of West Virginia. The West Virginia Department of Environmental Protection ("DEP") is vested with the singular and exclusive authority to enforce the environmental laws of the State of West Virginia. W.Va. Code § 22-1-1 *et seq*. (1991); *see also Solid Waste Services of West Virginia v. Public Service Commission*, 422 S.E.2d 839, 844

(W.Va. 1992). The DEP Office of Oil and Gas is the exclusive regulatory authority for oil and natural gas-related activities and is exclusively responsible for administering the permitting process for oil and natural gas-related activities in West Virginia. The Oil and Gas Act declares that DEP "shall have the power and duty to . . . perform all duties as the permit issuing authority for the state in all matters pertaining to the exploration, development, production, storage and recovery of this state's oil and gas[.]" W.Va. Code § 22-6-2(c)(12). Furthermore, the Oil and Gas Act grants DEP the authority to issue permits to regulate the discharge of pollutants into waters of the State to ensure compliance with water quality standards and other environmental requirements. W.Va. Code § 22-6-7. The Oil and Gas Act is exceedingly comprehensive, and, nowhere in the Act is there a "savings" provision that preserves the ability of local governments to regulate the exploration, development, production, storage and recovery of oil and gas.

The Ordinance prohibits "[t]he application of natural gas or oil waste . . .  on any road or real property located within Fayette County" regardless of "whether or not such waste has received approval for use by the Department of Environmental Protection (DEP) or any other regulatory body . . . ." Exhibit 1 at §1, ¶ 2. Moreover, the Ordinance purportedly invalidates any "permit, license, privilege or charter issued by any State or federal agency, Commission or Board to any person or any corporation . . . which would violate the prohibitions of this Ordinance . . . ." Exhibit 1 at §1, ¶ 2. By its plain language, the Ordinance seeks to invalidate federal and state permits, and in doing so, is in direct contravention of state law. "When a provision of a municipal ordinance is inconsistent or in conflict with a statute enacted by the Legislature the statute prevails and the municipal ordinance is of no force and effect." Syl. Pt. 2, *American Tower Corp. v. Common Council*, 210 W.Va. 345 (2001).

Here, the Ordinance usurps the authority granted to DEP by the Oil and Gas Act. The Oil and Gas Act provides that the Secretary of the Office of Oil and Gas "shall have as his or her duty the supervision of the execution and enforcement of matters related to oil and gas set out in this article and in articles eight and nine of this chapter." W.Va. Code § 22-6-2(a). Further, "[t]he secretary shall have full charge of the oil and gas matters set out in this article and in articles eight and nine of this chapter." W.Va. Code § 22-6-2(c). It is clear that state law fully occupies the field of oil and gas regulation, and thus, such oversight was intended to be preserved at the state level.

Similar to the case at hand, the Circuit Court of Monongalia County struck down an ordinance adopted by the City of Morgantown purporting to prohibit hydraulic fracturing within city limits or within one mile outside of city limits. *See Northeast Natural Energy, LLC v. The City of Morgantown*, 2011 WL 3584376 (No. 11-C-411, August 12, 2011). There, the circuit court concluded that the "provisions clearly indicate that this area of law is exclusively in the hands of the WVDEP. No exception is carved out for any locality or municipality. In fact throughout the regulation it is explicit that all authority lies solely within the hands of the [DEP]." *Id.* at 4. Accordingly, the circuit court struck down the ordinance as preempted by the Oil and Gas Act. *Id.*

Just as the City of Morgantown's ordinance was invalid, here too is the Ordinance invalid for reasons of preemption. By purporting to ban oil and gas production activities and invalidate federal and state permits and licenses, the Ordinance expressly contravenes the provisions of the Oil and Gas Act. For these reasons, Plaintiff is likely to prevail on Count II of the Verified Complaint.

**B.     The Ordinance Exceeds the Statutory Authority Granted to the Commission**

The Commission has exceeded its statutory authority by (1) proscribing activities otherwise lawful under West Virginia law, (2) creating a private right of action for citizens of Fayette County, and (3) invalidating permits, licenses, privileges and charters issued by the federal or state government.

The Commission is a county commission formed under the laws of West Virginia. See W. Va. Code § 7-1-1 et seq. Under West Virginia law, the county commission has no inherent powers. *See* W. Va. Code § 7-1-3; *see also American Tower Corp. v. Common Council of the City of Beckley*, 557 S.E.2d 752, 756 (W. Va. 2001) (citing *Vector Co. v. Board of Zoning Appeals*, 184 S.E.2d 301, 304 (W. Va. 1971)); W. Va. Const. Art. 6, Sect. 39a ("Provided, that any such charter or amendment thereto, and any such law or ordinance so adopted, shall be invalid and void if inconsistent or in conflict with this constitution or the general laws of the state then in effect, or thereafter from time to time enacted.")  County commissions are creatures of the state statute and can only perform those functions of government that have been conferred upon them by the West Virginia Constitution or delegated to them by the Legislature. Neither the West Virginia Constitution nor the Legislature have conferred or delegated any oil and gas regulatory or environmental protection functions upon or to any West Virginia county commissions. Rather, all oil and gas regulatory and environmental protection programs in West Virginia are within the sole province of DEP – including those relating to the storage, disposal, or use of oil and natural gas waste.

County Commissions have been vested the authority to enact certain ordinances to eliminate hazards to the public health and to abate nuisances. W.Va. Code § 7-1-3kk. County commissions, however, do not have the power to proscribe otherwise legal activities not

considered a nuisance at common law. *See Sharon Steel Corporation v. City of Fairmont*, 175 W.Va. 479 (1985). And to that point, the Commission has been granted the power "to abate what the law holds to be a nuisance, not to enact that any particular thing is a nuisance." *Parker v. Fairmont*, 72 W.Va. 688, 690-91 (1913).

  The Commission lacks the statutory authority to create a private right of action in favor of its residents and to grant those residents the right to recover all costs associated with litigating the matter. Nothing in Chapter 7 of the West Virginia Code, much less W.Va. Code § 7-1-3kk, gives the Commission the authority to create a private right of action.

  Moreover, the Commission lacks the requisite authority to invalidate permits, licenses, privileges and charters issued by the federal or state government. On or about August 26, 2015, the DEP Office of Oil and Gas issued Plaintiff two valid Underground Injection Control Permits. These permits authorize Danny Webb Construction to operate underground injection disposal wells on its property in Fayette County for a period of five (5) years.

  The Ordinance purports to nullify all otherwise lawful permits, licenses, privileges and charters issued by the federal and state government that violate the prohibitions of the Ordinance. In Plaintiff's case, the Commission will not recognize its permits to operate a UIC disposal well. As previously noted, nothing in Chapter 7 of the West Virginia Code, much less W.Va. Code § 7-1-3kk, gives the Commission the requisite authority to nullify otherwise lawful permits, licenses, privileges and charters issued by the federal and state government. For these reasons, Plaintiff is likely to prevail on Count IV of the Verified Complaint.

C.   **The Ordinance Constitutes an Unconstitutional Taking of Property in Violation of the United States Constitution and the West Virginia Constitution**

Both the state and federal constitutions protect property rights.  W. Va. Const. Art. III, § 9 states, "Private property shall not be taken or damaged for public use, without just compensation . . . ."  The Fifth Amendment of the U.S. Constitution says, "[N]or shall private property be taken for public use without just compensation."

The United States Supreme Court has long held that government regulations may restrict the use of property to the extent that they have the same effect as a physical appropriation of the property, which is known as a "regulatory taking."  *See Penn. Coal Co. v. Mahon*, 260 U.S. 393, 415, 43 S.Ct. 158, 160 (1922).  The Supreme Court has recognized two discrete categories of regulatory deprivations that will be deemed *per se* takings under the Fifth Amendment, in which no case-specific inquiry will be made regarding the public interest in support of such restraint.  10 A.L.R. Fed. 2d 231 (2006); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 112 S. Ct. 2886, 120 L. Ed. 2d 798 (1998).  The first category "encompasses regulations that compel the property owner to suffer a physical invasion of his property." *Lucas v. South Carolina Council*, 505 U.S. 1003, 1015 (1992).  This category of regulations is not relevant to the present case.  Second, a *per se* taking occurs when the imposition of a regulation totally deprives the a landowner of a right in property and the right deprived is recognized under state law and is not a nuisance.  *Id.*  When met, the government must pay just compensation.  *See generally*, *id*.

In *Penn Central*, the Supreme Court also recognized a partial taking claim, and the question of whether a government regulation amounts to a partial regulatory taking is evaluated using a balancing test in an "ad hoc, factual inquir[y]."  *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 124 98 S. Ct. 2646, 2659 (1978).

When analyzing a partial regulatory taking, the *Penn Central* Court set forth the following factors in balancing private interests against public interests: (1) the economic impact of the regulation on the claimant; (2) the effect on reasonable investment-backed expectations; and the character of the government action as a legitimate state interest.  *Id.* at 124.  As the Ninth Circuit explained:

> The Court's evaluation in various cases of the three factors identified in *Penn Central* illustrates that the content of these factors is not amenable to pat description. For example, it is clear that a regulation's "economic effect upon the claimant" may be measured in several different ways. *See Hodel v. Irving,* 481 U.S. 704, 714, 107 S.Ct. 2076, 95 L.Ed.2d 668 (1987) (looking to the market value of the property); *Keystone Bituminous Coal Ass'n v. DeBenedictis,* 480 U.S. 470, 493–96, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987) (looking to whether the regulation makes the property owner's business operation "commercially impracticable"); *Andrus v. Allard,* 444 U.S. 51, 66, 100 S.Ct. 318, 62 L.Ed.2d 210 (1979) (looking to the possibility of other economic uses besides sale, which was prohibited by the challenged regulation). Similarly, the "character of the governmental action" depends on several things, including whether the action is properly characterized as a physical occupation of the property, *see Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 434–35, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982), and whether the regulation advances a legitimate public purpose, *see Keystone Bituminous Coal Ass'n,* 480 U.S. at 485–6, 107 S.Ct. 1232; *Agins v. Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980).

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 772 (9th Cir. 2000) *aff'd,* 535 U.S. 302, 122 S. Ct. 1465, 152 L. Ed. 2d 517 (2002) *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012).

At present, the Ordinance likely qualifies as a "per se" taking because the Ordinance totally deprives Danny Webb Construction of a right in property: namely, its right to deposit, store, treat, inject or process waste water, produced water, frack water, brine or other materials into its land in Fayette County.  The right deprived is not a "nuisance" under state law,

as it is authorized by the West Virginia Code.  The ordinance results in loss of the primary and sole commercial purpose of Danny Webb Construction's property.

Even when analyzed under the balancing test for a partial taking, the Ordinance clearly constitutes a regulatory taking.  First, the Ordinance has a devastating effect on Danny Webb Construction.  The Ordinance does not seek to *regulate* oil and gas related operations or underground injection of oil and gas waste.  Rather, the Ordinance amounts to a *blanket ban* against the injection of oil and gas waste.  Danny Webb Construction's property, including its land and mineral rights and the right to dispose of oil and natural gas development waste, has substantial economic value.  The Ordinance would effectively destroy the economic value of Plaintiff's property by prohibiting further business operations in Fayette County.  Indeed, the Ordinance is undoubtedly a "radical curtailment of a landowner's freedom to make use of or ability to derive income from his land."  *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 14 (1984).

Second, the Ordinance substantially interferes with Danny Webb Construction's reasonable investment-backed expectations.  The Ordinance purports to prohibit Danny Webb Construction from engaging in its normal and otherwise lawful business activities in Fayette County, and thus deprives Danny Webb Construction of the ability to use its property for economic gain.

Regarding the third factor, the character of the Ordinance constitutes a taking, as it is unlimited in scope.  It is not a general zoning ordinance that imposes limited restrictions on certain activities in certain areas.  Instead, the Ordinance purports to prohibit otherwise lawful activities everywhere "within Fayette County."

Because Plaintiff has not received just compensation for the Commission's blatant regulatory taking, the Commission has violated the takings clause of the Fifth Amendment. For these reasons, Plaintiff is likely to prevail on Count V of the Verified Complaint.

**D.    The Ordinance Violates the Contract Clause of the United States Constitution and the West Virginia Constitution**

The Contracts Clause of the United States Constitution states in pertinent part that no state shall "pass any . . . Law impairing the Obligation of Contract . . ."  U.S. Const. Art. I, § 10, Cl. 1.  Article 3, § 4 of the West Virginia Constitution contains a similar provision stating that "no . . . law impairing the obligation of a contract shall be passed."  The Supreme Court has prescribed a three-part test to determine whether government action constitutes a violation of the "Contracts Clause."  "In reviewing an alleged Contract Clause violation, we ask: (1) whether there has been an impairment of a contract; (2) whether the state law has operated as a 'substantial impairment of a contractual relationship; and (3) if there has been a substantial impairment, whether the impairment is permissible because it is 'reasonable and necessary to serve an important public purpose.'"  *Cherry v. Mayor & Balt. City*, 762 F.3d 366, 371 (4th Cir. 2014).  "The severity of an impairment of contractual obligations can be measured by the factors that reflect the high value the Framers placed on the protection of private contracts.  Contracts enable individuals to order their personal and business affairs according to their particular needs and interests.  Once arranged, those rights and obligations are binding under the law, and the parties are entitled to rely on them."  *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 245 (1978).

The Ordinance violates the Contracts Clause because, first, it impairs lease(s) held by Danny Webb Construction by prohibiting it from storing or depositing oil and natural gas wastes, which is the very purpose Danny Webb Construction entered into the relevant contracts.

Second, the impairment is substantial; the Ordinance constitutes an outright ban on the business operations for which Danny Webb Construction entered into the contractual relationships.  Third, the Ordinance is not necessary to serve an important public purpose: it is vastly overbroad, not limited to any particular circumstance, location, or operation that the Commission has determined to present an acute threat to public health. For these reasons, Plaintiff is likely to prevail on Count X of the Verified Complaint.

### E.      The Ordinance Constitutes an Illegal Zoning Ordinance

Zoning ordinances  promulgated by counties and municipalities are governed by W.Va. Code § 8A-1-1, *et seq.* The Code defines "zoning" as "the division of a municipality or county into districts or zones which specify permitted and conditional uses and development standards for real property within the districts or zones." W. Va. Code § 8A-1-2(gg). While the Commission did not designate the Ordinance as a zoning ordinance, it is, in effect, an attempt to specify uses of land that will not be permitted within the bounds of Fayette County. Here, the Commission has adopted an ordinance which stipulates that specific activities relating to the production of oil and gas shall be prohibited within the entirety of Fayette County.

West Virginia law sets forth a number of enumerated procedures that the Commission was required to abide by when it passed a county ordinance governing the use of land within its territorial bounds. *See* W.Va. Code § 8A-7-1, *et seq.* Before enacting a county zoning ordinance, the ordinance must be publicly advertised. W.Va. Code § 8A-7-5. The Commission is then required to hold at least two public hearings, one during the day and one during the evening, to discuss the ordinance and give public notice. *Id.*

Upon information and belief, the Commission did not comply with the requisite procedural requirements before passing the Ordinance. It is Plaintiff's understanding that the

Commission failed to identify the measure as a zoning ordinance and publicly advertise it as such. In addition, it is Plaintiff's understanding that the Commission did not hold two public hearings, identifying the Ordinance as a zoning ordinance, before adopting it. As such, the adoption of the Ordinance was procedurally defective and therefore invalid. For these reasons, Plaintiff is likely to prevail on Count XI of the Verified Complaint.

      **F.**    **The Ordinance Violates Plaintiff's Substantive Due Process Rights Under the United States Constitution**

The doctrine of Substantive Due Process under the Fifth and Fourteenth Amendments of the United States Constitution prohibits, among other things, the government from abrogating a person's constitutional rights.  U.S. Const. Amend. 5 and Amend. 14, § 1.

Before bringing a substantive due process challenge in federal court, a litigant must preliminarily demonstrate that it has been deprived of a property interest cognizable under the due process clause and that it has a legitimate claim of entitlement to that property interest. *See Tri County Paving v. Ashe County*, 281 F.3d 430 (4th Cir. 2002).  Relation to state law determines whether a given property interest merits protection under the federal right to substantive due process, and among those interests recognized are the "ownership of regulated land, leasehold interests, and vested development rights."  2 Am. Law. Zoning § 15:3 (5th ed.); *see also DeBlasio v. Zoning Bd. of Adjustment for Tp. of West Amwell*, 53 F.3d 592, 25 Envtl. L. Rep. 21227 (3d Cir. 1995); *Holt Cargo Systems, Inc. v. Delaware River Port Authority*, 20 F. Supp. 2d 803 (E.D. Pa. 1998), *judgment aff'd*, 165 F.3d 242 (3d Cir. 1999) (holding that "a lease is a property interest worthy of substantive due process protection); *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215 (5th Cir. 2012) (finding that the plaintiff had a protected property interest in the land since she had been issued a license to operate her business in pursuit of a livelihood, and once issued it could not be revoked without due process).

15

Once a property interest is established, courts analyze whether the regulation is "arbitrary" and "egregious" as to "shock the conscience." *Licari v. Ferruzzi*, 22 F.3d 344, 28 Fed. R. Serv. 3d 1472 (1st Cir. 1994). Next, courts will determine whether a rational basis exists to support a land use regulation. *Tri County Paving v. Ashe County*, 281 F.3d 430 (4th Cir. 2002).

In the present case, Danny Webb Construction has a "property interest" as contemplated by the substantive due process cases. It owns and has leasehold interests in property located within Fayette County, and it has "vested development rights" via UIC permits obtained from DEP, which are necessary for the operation of its business.

Under the balancing test, the Commission's "egregious" regulation shocks the conscience by establishing a "radical curtailment of a landowner's freedom to make use of or ability to derive income from his land." Further, this regulatory-imposed moratorium on Plaintiff's business has no rational basis. For these and other reasons, Plaintiff is likely to prevail on Count VII of the Verified Complaint.

### G. The Ordinance Violates Plaintiff's Rights Under the Fourteenth Amendment of the United States Constitution

In addition to the substantive due process violations, the Ordinance violates both the procedural due process and equal protection rights of Plaintiff, as enumerated under the Fourteenth Amendment and related cases.

The Due Process Clause of the United States Constitution provides that no person shall be "deprived of life, liberty, property, without due process of law." U.S. Const. Amend. 5 and Amend. 14, § 1.

The prohibition of storage, disposal, or use of oil and natural gas waste, waste water, or any derivative thereof within Fayette County as a direct result of the enactment of the

Ordinance significantly and materially devalues Danny Webb Construction's property, legal rights, and interests related to and/or held within Fayette County, including its permits and surface and mineral rights.

The Ordinances provides no process or procedure by which Danny Webb Construction could challenge the provisions of the Ordinance which purports to rendering invalid federal or state permits relating to the storage or disposal of such waste.  It provides no process or procedure to which Danny Webb Construction could avail itself to address the deprivation of its legal rights and interests caused by the Ordinance.

The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend. 14, § 1.

The purpose of the equal protection clause is to protect every person within a state's jurisdiction against arbitrary discrimination occasioned by the express terms of a statute or by its improper execution through duly constituted agents, and the equal protection clause requires that laws of the state treat persons in the same manner as other similarly situated. Moreover, under the United States Constitution, corporations are considered persons for purposes of, among other things, the First and Fourteenth Amendments and the Contracts Clause. *See e.g.*, *Citizens United v. Federal Election Com'n*, 558 U.S. 310 (2010).

The Ordinance, without any rational basis, treats corporations seeking to deposit, store, treat, inject, or process waste water, produced water, frack water, brine or other materials, chemicals or by-products that have been used in the extraction of shale gas onto or into the land, air or waters within Fayette County differently than similarly situated natural persons, in that the

17

prohibition of the described in this paragraph, as set forth in Section (1), paragraph (6) of the Ordinance, only applies to corporations, and not natural persons.

Consequently, the Ordinance violates the Equal Protection Clause of the United States Constitution both on its face and as applied to Danny Webb Construction, by treating corporations differently than similarly situated natural persons. Accordingly, Plaintiff will likely prevail on Counts VIII and IX of the Verified Complaint.

### III.     Public Interest Favors the Imposition of a Preliminary Injunction

The public has a strong interest in preventing the Ordinance from being enforced until this Court has had an opportunity to rule on Plaintiff's request for a permanent injunction. The property rights of those in Fayette County, many who undoubtedly have some expectation of developing oil and gas on their property, would be negatively impacted by enforcement of the Ordinance which would, in effect, impose a moratorium on oil and gas production in Fayette County. Both property owners and oil and gas operators stand to be unconstitutionally and illegally deprived of their property rights without just compensation should the Ordinance be enforced. Plaintiff and other similarly situated operators should not be at risk of prosecution under such a manifestly illegal ordinance.

### CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully request that its Emergency Motion for Preliminary Injunction be granted.

DANNY E. WEBB CONSTRUCTION, INC.

By Counsel

/s/ Roger G. Hanshaw

_____

George A. Patterson, III *(WV Bar No. 2831)*
Roger G. Hanshaw *(WV Bar No. 11968)*
S. Andrew Stonestreet *(WV Bar No. 11966)*
Andrew C. Robey *(WV Bar No. 12806)*
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia  25325-1386
Telephone:  (304) 347-1100
Facsimile:  (304) 347-1756
Email:
       *Counsel for Plaintiff*